# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARCUS H. RUNNELS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-244-G |
| | ) |
| | ) |
| **RICK WHITTEN, Warden,** | ) |
| | ) |
| Respondent.[1] | ) |

## ORDER

The Court issues this Order to address two filings by Petitioner Marcus H. Runnels, a state prisoner appearing pro se, that were recently entered upon the case docket.

*I.    Background*

On March 22, 2021, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda Maxfield Green for preliminary review.

On March 25, 2021, Judge Green issued an Order to Petitioner to Cure Deficiencies (Doc. No. 4). This Order cited two deficiencies in Petitioner's documents, including that his Petition "is not on the proper form and does not supply the Court with equivalent information required by the form." *Id.* at 1. The Order directed Petitioner to cure this deficiency no later than April 15, 2021. *See id.* at 2.

On May 11, 2021, Judge Green issued a Report and Recommendation ("R. & R.,"

---

[1] The current warden of Petitioner's facility is hereby substituted as Respondent pursuant to Federal Rules of Civil Procedure 25(d) and 81(a)(4).

Doc. No. 7), noting that the docket reflected that Petitioner had not submitted an amended pleading as ordered. Judge Green therefore recommended that the Petition be dismissed for, among other reasons, Petitioner's failure to file an amended petition and failure to comply with the Court's order. *See id.* at 1-3. In the R. & R., Judge Green advised Petitioner of his right to file an objection to the R. & R. by June 1, 2021. *See id.* at 4.

After no objection was filed, the Court adopted the R. & R. and dismissed this matter. *See* J. of June 24, 2021 (Doc. No. 9); Order *Nunc Pro Tunc* (Doc. No. 11).

II.     *The Court Clerk's Docketing Error*

On December 10, 2021, the Court Clerk entered two additional filings upon the case docket. The first is a Motion (Doc. No. 13) dated May 3, 2021, and file-stamped May 4, 2021. The second is an Amended Petition (Doc. No. 14) dated May 1, 2021, and file-stamped May 4, 2021. The Court Clerk's Office received these documents in May 2021 via U.S. Mail but neglected to file them in the above-captioned case record for more than seven months.

III.    *Discussion*

Shortly after the Court dismissed this action, a pro se filing was submitted on Petitioner's behalf, stating that someone who had been assisting Petitioner in this matter had "filed the wrong paper work" and requesting that "we . . . get the correct form to file on his case." Pet'r's Mot. (Doc. No. 12) at 1.

The Court liberally construes this filing as a motion "relating to the final judgment" and seeking relief from the Court's dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Hillman v. U.S. Postal Serv.*, 97-4041, 2002 WL 598341, at *1 (D.

2

Kan. Mar. 14, 2002); Pet'r's Mot. at 1.[2]

"A motion to vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court." *Greenwood Expls., Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988). Pursuant to Rule 60(b)(1), a court may relieve a party from a judgment based on "mistake." Fed. R. Civ. P. 60(b)(1). The Tenth Circuit has construed this Rule to provide for reconsideration of judgments on the basis of judicial mistake. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-78 (10th Cir. 1996). To obtain relief on this basis, two requirements must be met: (1) the motion must be filed before the time to file a notice of appeal has expired; and (2) the court must have "made a substantive mistake of law or fact in the final judgment or order." *Id.* at 577-79.

As to the first requirement, the Motion was filed on July 21, 2021, "within 30 days after entry of the judgment" on June 24, 2021, and before the time to appeal expired. Fed. R. App. P. 4(a)(1)(A). Regarding the second requirement, as outlined above, the Magistrate Judge's recommendation, and the Court's consideration of that recommendation, was based upon an incomplete case record. Specifically, the now-corrected docket reflects that Petitioner, rather than failing to comply with the Court's order, did submit an amended habeas petition prior to issuance of the R. & R. *See* Am.

---

[2] The Tenth Circuit has stated that Rule 60(b) precludes a district court from granting such relief on its own initiative. *See Hillman*, 2002 WL 598341, at *1 & n.2 (citing *Dow v. Baird*, 389 F.2d 882, 884-85 (10th Cir. 1968)). *But see* 11 Charles Alan Wright et al., *Federal Practice and Procedure (Wright & Miller)* § 2865 (3d ed. 2012) (explaining that "the court has power to act in the interest of justice" under Rule 60(b) "in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion").

Pet. The regrettable and unusual docketing delay was not attributable to any error or carelessness on Petitioner's part. The record therefore does reflect that the Court made a substantive mistake of fact in dismissing this matter based on a finding that Petitioner had failed to submit an amended pleading. *See Cashner*, 98 F.3d at 577-78; J. at 1.

The Court may also consider equitable principles in exercising its discretion under Rule 60(b). 11 Wright et al, *supra*, § 2857 ("A number of cases say that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue."); *accord Carrethers v. St. Louis-S.F. Ry. Co.*, 264 F. Supp. 171, 173 (W.D. Okla. 1967). Petitioner is quite limited in his ability to review the case record and to track the filing of documents submitted to the Court. The Court further recognizes that the public's interest in prompt disposition and finality of judicial decisions must be considered against the significant liberty issues at stake when a prisoner seeks a writ of habeas corpus. "[T]he writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v. Johnston*, 306 U.S. 19, 26 (1939); *cf. Greenwood Expls.*, 837 F.2d at 426 ("[E]very effort should be made to try cases on their merits.").

CONCLUSION

Accordingly, the Court finds that, under the extraordinary circumstances of this case, it is proper to vacate the prior judgment and to re-open this matter.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion (Doc. No. 12), construed as a motion for relief under Federal Rule of Civil Procedure 60(b), is GRANTED;

(2) The Court's Judgment (Doc. No. 9) and Order *Nunc Pro Tunc* (Doc. No. 11) are VACATED;

(3) This matter is reopened, and the Amended Petition (Doc. No. 14) is ACCEPTED as filed in accordance with the Order to Cure Deficiencies; and

(4) This case is re-referred to Judge Green for further proceedings in accordance with the original referral.

IT IS SO ORDERED this 22nd day of December, 2021.

*[Signature]*
CHARLES B. GOODWIN
United States District Judge